UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION, COLUMBUS

| | | |
|---|---|---|
| DEREK MORTLAND, Individually, | ) | |
| | ) | Case no. 2:15-cv-319 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE OHIO STATE UNIVERSITY, | ) | |
| a Political Subdivision of the State of Ohio, | ) | |
| dba Ohio State University Wexner Medical | ) | |
| Center, | ) | |
| | | |
| Defendant. | | |

## COMPLAINT FOR INJUNCTIVE AND COMPENSATORY RELIEF

Plaintiff, Derek Mortland ("Mortland"), sues Defendant, the Ohio State University ("OSU" or "the Defendant") d/b/a the Ohio State University Wexner Medical Center ("the Facilities").

## JURISDICTION

1.     This is an action for declaratory, injunctive and compensatory relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, *et seq.* ("ADA"), and its implementing regulation, 28 C.F.R. Part 35, as well as §  504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.* ("Rehabilitation Act").

2.     This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3.     This action is within the jurisdiction of the Court:

A.     OSU is organized in the State of Ohio; its registered agent is located in Columbus, Ohio; and it is the owner, lessor, tenant and/or operator of the real property

that is the subject of this cause of action in Columbus, Ohio.  OSU is an employer of 50 or more individuals.

  B. Mortland is a resident of Columbus, Ohio, and is *sui juris*.  In 1997, Mortland suffered a spinal cord injury, and now he must use a wheelchair as he is paralyzed from the waist down. Under the ADA, Mortland is a qualified individual with disabilities due to his being substantially limited in the life activity of walking.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §  1391(b):

  A. The events giving rise to this claim occurred in this Judicial District;

  B. The real property which is the subject of this action may be found in this Judicial District.

## BACKGROUND

5. A qualified individual with a disability shall not be excluded from participation in or be denied the benefits, services, programs, or activities of a public entity, and no qualified individual with a disability shall face discrimination by any public entity on account of its facilities being inaccessible or unusable by such person.  28 C.F.R. 35.149.  Plaintiff Mortland, a qualified individual with a disability, has regularly visited the Defendant's facilities at the Ohio State University Wexner Medical Center (including, but not limited to University Hospital and University Hospital East).  At these facilities at Ohio State University Wexner Medical Center, Plaintiff Mortland experienced discrimination, ADA violations and/or barriers to access relative to such areas as, patient rooms, patient restrooms, and policies and procedures.

6.      Upon information and belief, Defendant is a public entity, being owned or operated by the State of Ohio.[1]

7.      Upon information and belief, Defendant is a recipient of federal funds.

8.      Mortland resides in proximity to the Facilities and intends to return as a patient and/or visitor.  He was a patient of the Facilities from on or about 12/21/13 to 12/24/13, for a dermatological issue.   Mortland went to the Emergency Room at University Hospital on 12/21/13 and was admitted to the hospital.   During his stay Mortland suffered repeated discrimination and accessibility issues due to his disability.  For example:  Mortland was forced to wait until two AM to be given a patient room due to hospital staff trying to find him an accessible room; that room he waited hours for was ultimately inaccessible. After two days of being in a room wholly inappropriate for Mr. Mortland, he was moved to another room ostensibly to ameliorate the situation, but that room was also not accessible for him. They eventually moved him to yet another room prior to his discharge from the hospital.  During this time Mr. Mortland was unable to shower due to the lack of accessible showers in his rooms and he suffered mental duress and anxiety due to his ordeal.  The entire time of his hospitalization the staff of the hospital repeatedly showed themselves to be at best uninformed and unprepared to deal with Mr. Mortland and others similarly situated, or at worst incompetent and indifferent to Mr. Mortland's plight.

---

[1]      OSU, a public entity, owns leases and/or operates the Facilities, which are places of public accommodation.  Title II of the ADA controls public entities, and Title III of the ADA controls places of public accommodation.  With an abundance of caution, this law firm maintains that ADA Title II standards apply even though Title III is considered to hold private entities to a stricter standard of compliance.

9.    During his hospital stay, Mortland personally encountered numerous serious architectural barriers to access in violation of the ADA and Rehabilitation Act, including but not limited to:

A.    Discriminatory policy throughout the Ohio State University Wexner Medical Center.

B.    Lack of clear floor space.  In addition to having the proper equipment, the mobility-impaired must have the required clear floor space and turning radius in order to transfer in dressing rooms, patient rooms, bathrooms, examination rooms, waiting areas and hallways.  Clear floor space and paths of travel within the Facilities were found by Mortland to be temporarily or permanently obstructed.

C.    Lack of accessible patient rooms and restrooms.

10.    Mortland was an overnight patient at Ohio State's University Hospital East in 2014, on a date that can be ascertained from his medical records, for a sleep study. Mortland has also been a visitor of the University Hospital East to attend to friends and family who were being treated at the facility.  While a patient and visitor Mortland suffered repeated discrimination and accessibility issues due to his disability.  These included, but were not limited to:

A.    Barriers to access with inaccessible parking spaces

B.    Ramps to the facility with excessive slopes and cross slopes

C.    Lack of accessible routes throughout the facility

D.    Barriers to access at public restrooms.

11.    The ADA violations described above make wheelchair maneuvering dangerous and difficult – or impossible – for Mr. Mortland and other qualified individuals with disabilities to travel safely to and from the Facilities, and within the Facilities.  Travel is taxing on their body

since negotiating inaccessible areas requires much twisting of the spine, and overuse of shoulders and wrists, and these various barriers to access dishearten and frustrate them.  Travel in inaccessible areas also causes unnecessary wear and tear on the wheelchair.

12.     Plaintiff Mortland resides in proximity to the Facilities and has the intent to return to the Facilities as needed for various medical diagnoses and treatment and intent to return as a visitor to the hospital when attending to family members.

## COUNT 1 – VIOLATION OF THE ADA

Paragraphs 1 - 12 are re-alleged and incorporated as if fully set forth herein.

13.     OSU has discriminated and continues to discriminate against Mortland– and other qualified individuals with disabilities — by excluding them from participating in or denying them the benefits, services, programs or activities of the public entity, due to Defendant's failure to remove architectural barriers, which is required by Title II of the ADA.  The Facilities throughout the Ohio State University Wexner Medical Center are inaccessible to disabled persons, and demonstrate violations of the ADA in the following ways:

        A.     Non-compliant patient rooms and bathrooms;

        B.     Non-compliant rooms, examination tables, and equipment;  and

14.     On information and belief, OSU has violated other miscellaneous and important technical requirements of the ADA and regulations promulgated pursuant thereto.  For example, OSU lacks a compliant Transition Plan, which is required for any public entity of more than 50 employees.  28 CFR §  35.150(d)(1).

15.     On information and belief, the readily-achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to comply with the ADA.

16.     This Court has the authority to grant the Plaintiff's request for injunctive relief under the ADA, including an order to alter the Facilities to make them readily accessible to and usable by disabled persons, to modify a policy, to require inspection of the Facilities, and to close any part of the Facilities until the requisite modifications are completed.  28 C.F.R. 36.501.

17.     The Plaintiff's counsel is entitled to recover those attorneys' fees, experts' fees, costs and expenses incurred for this cause of action from OSU.  42 U.S.C. § 12205.

18.     Compensatory damages and other relief are also available to the Plaintiff. 42 U.S.C. § 12133.

WHEREFORE, the Plaintiff demands judgment against OSU and request that the Court enter an Order:

A.     Declaring that the property owned and administered by OSU and the policies, procedures and services provided by OSU are discriminatory and violate the ADA;

B.     Requiring OSU to alter the Facilities and remove all barriers to equal participation in the Facilities' benefits, services, programs or activities; and to make them accessible to and usable by individuals with disabilities to the full extent required by Title II of the ADA;

C.     Directing OSU to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time to allow OSU to undertake and complete corrective procedures;

E.     Mandating OSU to expeditiously make all reasonable and appropriate modifications in their policies, practices and procedures, provide effective signage, remove all architectural and communication barriers that are readily achievable, and for barriers that are not readily achievable, that alternative means of access be provided; and to take all such steps as are

reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated, discriminated, or otherwise treated differently or without accommodations;

      F.    Awarding reasonable attorneys' fees, costs (including expert's fees) and other expenses of suit to the Plaintiff; and

      G.    Awarding compensatory damages and such other relief that the Court deems proper to the Plaintiff.

## COUNT II – VIOLATION OF THE REHABILITATION ACT

Paragraphs 1-18 are re-alleged and incorporated as if fully set forth herein.

19.    Defendant receives federal monies, which makes it subject to § 504 of the Rehabilitation Act.

20.    OSU has denied and continues to deny Mortland– and others who have qualifying disabilities – equal access to the benefits of participation in its services, programs and activities, by not providing the disabled with the same meaningful choices regarding self-sufficiency. Specifically, OSU violated the Rehabilitation Act throughout the Ohio State University Wexner Medical Center, but not limited to:

      A.    Non-compliant patient rooms and bathrooms;

      B.    Non-compliant rooms, examination tables, and equipment;  and

21.    The Plaintiff has been damaged by OSU's refusal to remove barriers to equal access and enjoyment by disabled persons, which has the purpose and effect of discriminating against the Plaintiff and other similarly situated persons solely because of their disabilities.

22.    The Court has the authority to grant the Plaintiff's request for injunctive relief under the Rehabilitation Act, including an order to alter the Facilities to make them readily-accessible to and usable by disabled persons, to modify a policy, to require inspection of the

Facilities, and to close any part of the Facilities until the requisite modifications are completed. 28 C.F.R. 36.501.

23.     The Plaintiff's counsel is entitled to recover those attorneys' fees, experts' fees, costs and expenses incurred for this cause of action from OSU.  42 U.S.C. § 12205.

24.     Compensatory damages and other relief are available to the Plaintiff.  29 U.S.C. § 794a(a)(2).

## COUNT III
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. § 4112.01 et seq.

25.     Plaintiff restates the allegations of paragraphs 1-24 as if fully rewritten here.

26.     The Defendant's property, Ohio State University Wexner Medical Center, is a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

27.     Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff full enjoyment of its accommodations, advantages, facilities, or privileges. Plaintiff Derek Mortland has experienced extensive barriers to access at the Ohio State University Wexner Medical Center in the state of Ohio.

28.     Pursuant to O.R.C. § 4112.99, Plaintiff is entitled to compensatory damages, and attorneys fees and costs, in an amount to be determined at trial, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

WHEREFORE, the Plaintiff demands judgment against OSU and requests that the Court enter an Order:

A.     Declaring that the Medical Center at Ohio State University Wexner Medical Center, administered by OSU and the policies, procedures and services provided by OSU are discriminatory and violate the Rehabilitation Act;

B.     Requiring OSU to alter the Facilities at the Ohio State University Wexner Medical Center and remove all barriers to equal participation in the Facilities' benefits, services, programs or activities; and to make them accessible to and usable by individuals with disabilities to the full extent required by the Rehabilitation Act;

C.     Directing OSU to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time to allow OSU to undertake and complete corrective procedures;

D.     Mandating OSU to expeditiously make all reasonable and appropriate modifications in their policies, practices and procedures, provide effective signage, remove all architectural and communication barriers that are not readily-achievable, that alternative means be provided; and to take all such steps as are reasonable and necessary to ensure that Plaintiff Mortland and other persons with disabilities are no longer excluded, denied services, segregated, discriminated, or otherwise treated differently or without accommodations;

E.     Awarding reasonable attorneys fees, costs (including expert's fees) and other expenses of suit to the Plaintiff;  and

F.     Awarding compensatory damages and such other relief that the Court deems proper to the Plaintiff.

Respectfully submitted,

Dated:  January 23, 2015                  /s/  Owen B. Dunn, Jr.
                                        Owen B. Dunn, Jr., Esq.
                                        Law Office of Owen B. Dunn, Jr.
                                        OH Bar Number 74743
                                        The Ottawa Hills Shopping Center
                                        4334 W. Central Ave., Suite 222
                                        Toledo, OH 43615
                                        (419) 241-9661
                                        (419) 241-9737 - Facsimile
                                        dunnlawoffice@sbcglobal.net
                                        and

Lawrence A. Fuller, Esq.
Member of the Federal District Court for
the Southern District of Ohio
Fuller, Fuller & Associates, P.A.
Co-Counsel for Plaintiff
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com